IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY T. DAN, | ) | 8:06CV714 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on 17 miscellaneous motions filed by Plaintiff. Also pending are Defendant's Motion to Depose a Confined Person (filing no. 74) and Motion to Deny or Clarify Plaintiff's Pending Motions and Motion to Extend Progression Order (filing no. 75).

### *PLAINTIFF'S PENDING MOTIONS*

### **I.    Motions to Amend Complaint**

Pending before the court are Plaintiff's four Motions to Amend Complaint. (Filing Nos. 65, 66, 67, and 68.) The Federal Rules of Civil Procedure provides that a "court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a). The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of

>   the amendment, futility of amendment, etc.-the leave sought should, as
>   the rules require, be "freely given."

*Id.*

However, the Eighth Circuit has held that it is not an abuse of discretion to deny a motion to amend when late-tendered amendments involve new theories of recovery and impose additional discovery requirements. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 448 (8th Cir. 1995); *see also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend, although bad faith and dilatory motive were not found, where "amendment sought to add several new parties and additional counts" and "[e]ven though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters ... which could not have been raised initially"). Accordingly, "[a]t some point in time delay on the part of a plaintiff can be procedurally fatal. In that situation, the plaintiff must meet the burden of showing that the delay 'was due to oversight, inadvertence, or excusable neglect[.]' " *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citing *Frank Adam Elec. Co. v. Westinghouse Elec. & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945)).

Plaintiff's proposed amended complaints seek to add numerous new claims against four new individual Defendants, Thomas Gensler, Robert Patton, Donald Fricke, and Barb Glaser. (Filing Nos. 65, 66, 67, and 68.) Plaintiff's Complaint has been pending for nearly two years. (Filing No. 1.) This matter is set for final pretrial conference on December 30, 2008. (Filing No. 54.) The alleged incidents and actions which are the subject of Plaintiff's proposed amended complaints were known to Plaintiff during the pendency of this case. Indeed, the attachments to Plaintiff's Complaint are the same attachments that are now the basis of the amended Complaints. (Filing Nos. 1 and 1-2, Attach. 1.) However, Plaintiff did not raise these

2

issues until nearly two years later, after the close of discovery. Plaintiff knew of the claims alleged in his proposed amended complaints at the outset of this matter and chose not to raise those claims. Plaintiff has not shown that his failure to raise the claims was a result of oversight or excusable neglect. In light of this, Plaintiff's Motions to Amend Complaint are denied.

### II.   Motions for Summary Judgment, Pre-Trial Brief, and Summons Forms

Also pending before the court are four Motions for Summary Judgment (filing nos. 69, 70, 71, and 72), Motion for Pre-Trial Brief (filing no. 73), and Motion for Summons Forms (filing no. 63). These Motions seek service of summons and summary judgment in Plaintiff's favor against Thomas Gensler, Donald Fricke, Robert Patton, and Barb Glaser. (Filing Nos. 63, 69, 70, 71, 72, and 73.) However, as set forth above, these individuals are not parties in this matter, nor will the court allow Plaintiff to add them as Defendants at this stage of the proceedings. Plaintiff's Motions for Summary Judgment, Summons Forms, and for Pre-Trial Brief are therefore denied as moot.

### III.   Motions for Assistance from the Court

Plaintiff filed a Motion for Information and Instructions (filing no. 57) and Motion for Help from the Pro Se Law Clerk (filing no. 60). In these Motions, Plaintiff seeks assistance from the court in preparing an amended complaint, discovery, and other documents. Aside from the fact that Plaintiff lacks permission from the court to file an amended complaint, the court cannot give legal advice to Plaintiff. These Motions are therefore denied.

### IV.   Remaining Miscellaneous Motions

The remaining motions filed by Plaintiff are a Motion for New Location (filing

no. 55), Motion to Extend (filing no. 56), two Motions Regarding Magistrate (filing nos. 59 and 64), and a Motion to Compel (filing no. 61). Plaintiff's Motion for New Location (filing no. 55) simply informs the court of his new address. The court's records reflect this updated address and the Motion for New Location is therefore denied as moot.

In his Motion to Extend (filing no. 56), Plaintiff states that his previous enlargement of time is "not being upheled [sic]." (*Id.*) Plaintiff previously sought an extension of time to "process" various documents, which the court granted. (Filing Nos. 47 and 53 (text-only order).) In granting that Motion, the court understood that it was permitting Plaintiff time to review the filings in this matter. In particular, the court allowed Plaintiff additional time to ensure that summons had been returned as executed and to request a transcript. To the extent that Plaintiff's previous Motion to Extend Time (filing no. 47) sought any other relief, it is (and was) denied. In light of this, there is no extension of time which must be "upheld" and Plaintiff's current Motion to Extend (filing no. 56) is denied.

In his two Motions Regarding Magistrate, Plaintiff states that he was never informed that Magistrate Judge Piester was assigned to this matter. (Filing Nos. 59 and 64.) However, on July 3, 2007, the court entered General Order 07-09, which reassigned all pro se cases previously assigned to Magistrate Judges Gossett and Thalken to Magistrate Judge Piester. That General Order was filed in this matter and sent to Plaintiff on that same date. (Filing No. 22.) In light of this, Magistrate Judge Piester remains assigned to this matter.

For his Motion to Compel, Plaintiff seeks the production of various documents and information. (Filing No. 61.) Upon closer review, the Motion is Compel is a Request for Production of Documents. Discovery in this matter closed on July 16, 2008, which is the same date that Plaintiff filed his Motion to Compel. Because this was a timely discovery request, Defendant shall respond in accordance with Federal

4

Rule of Civil Procedure 26. However, no action by the court is necessary at this time.

*DEFENDANT'S PENDING MOTIONS*

**I.     Motion to Depose a Confined Person**

In its Motion to Depose a Confined Person, Defendant seeks to depose Plaintiff, who is currently incarcerated at the Lincoln Correctional Center. (Filing No. 74.) Federal Rule of Civil Procedure Rule 30(a)(2) states that a party must obtain leave of court to depose a person confined in prison. Leave shall be granted to the extent consistent with the principles stated in Rule 26(b)(2). Fed. R. Civ. P. 30(a)(2). Defendant's Motion is granted. However, the court notes that the date on which the deposition was to occur has now passed. Defendant may simply arrange a new date for the deposition with Plaintiff and his institution, but need not seek leave from the court to proceed on a mutually-agreeable date.

**II.     Motion to Extend Progression Order Deadlines**

In its Motion to Extend, Defendant seeks a 30-day extension in order to depose Plaintiff and prepare its Motion for Summary Judgment. In light of this Memorandum and Order, the Motion to Extend is granted. The progression order is modified below.

IT IS THERE FORE ORDERED that:

1.     Plaintiff's Motions to Amend (filing nos. 65, 66, 67, and 68) are denied.

2.     Plaintiff's Motions for Summary Judgment (filing nos. 69, 70, 71, and 72), Motion for Pre-Trial Brief (filing no. 73), and Motion for Summons Forms (filing no. 63) are denied.

3. Plaintiff's Motion for Information and Instructions (filing no. 57) and Motion for Help from the Pro Se Law Clerk (filing no. 60) are denied.

4. Plaintiff's Motion for New Location (filing no. 55), Motion to Extend (filing no. 56), Motions Regarding Magistrate (filing nos. 59 and 64), and Motion to Compel (filing no. 61) are all denied.

5. Defendant's Motion to Depose a Confined Person (filing no. 74) is granted.

6. Defendant's Motion to Extend Progression Order Deadlines (filing no. 75) is granted in accordance with this Memorandum and Order. The Progression Order is modified as follows:

  A. Deposition and discovery deadline. All depositions, whether or not they are intended to be used at trial, shall be completed by **November 7, 2008**.

  B. Dispositive Motions. All dispositive motions shall be filed on or before **December 8, 2008.** The parties must comply with the provisions of NECivR 7.1(a-h) and NECivR 56.1 when filing summary judgment motions.

  C. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in NECivR 16.2(a)(2). The plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to the plaintiff and to any other parties by **February 7, 2009.** The plaintiff shall provide additions and/or proposed deletions to Defense counsel by **February 21, 2009.** Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **March 6, 2009.** If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be

noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

   D. The Final Pretrial Conference will be held before Magistrate Judge David L. Piester on **March 19, 2009 at 9:00 a.m.** Prior to the pretrial conference, all items as directed in NECivR 16.2 and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

October 7, 2008.      BY THE COURT:

            *s/Richard G. Kopf*
            United States District Judge