IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY T. DAN, | ) | 8:06CV714 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Summary Judgment. (Filing No. 80.)  As set forth below, the Motion is granted.

## I.   BACKGROUND

Plaintiff Anthony T. Dan ("Dan") filed his Complaint in this matter on November 16, 2006.  (Filing No. 1.)  The court conducted an initial review and permitted this matter to proceed.  (Filing No. 7.)  However, Dan failed to complete service of process, resulting in dismissal on August 28, 2007. (Filing Nos. 25 and 26.) After Dan sought relief from the Judgment pursuant to Federal Rule of Civil Procedure 60(b), the court vacated the Judgment and permitted Dan an additional opportunity to serve Defendant with process. (Filing No. 28.) Dan thereafter served Defendant Douglas County Department of Corrections ("DCDC") with summons. (Filing No. 34.)

Defendant filed its Motion for Summary Judgment on December 9, 2008. (Filing No. 80.)  Along with its Motion, Defendant also filed an Index of Evidence and Brief in Support.  (Filing Nos. 81, 82, and 83.)  Dan responded to the Motion by filing a Motion to Deny Affidavit and a Notice.  (Filing Nos. 86 and 87.)  However,

Dan did not submit any evidence or argument.  (*See* Docket Sheet.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law."  NECivR 56.1(a)(1).  If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts."  NECivR 56.1(b)(1).  Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition.  *Id.*  "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response."  *Id.*

Defendant submitted a statement of material facts in accordance with the court's Local Rules.  However, Dan has not submitted any "concise response" to those facts.  Further, Defendant submitted evidence which was properly authenticated by affidavit.  Dan has not.  This matter is deemed fully submitted and the material facts set forth by Defendant in its Brief are "deemed admitted" and are adopted below.

## II.   RELEVANT UNDISPUTED FACTS

1.     Dan filed his Complaint in this matter on November 16, 2006 against only one Defendant, the Douglas County Department of Corrections.  (Filing No. 1.)

2.     Pursuant to the Prison Litigation Reform Act, the court reviewed the Complaint and issued an Order on Initial Review on February 5, 2007.  (Filing No. 7.)

3.     In that Order, the court explained that the DCDC lacked the legal capacity to sue or be sued in its own name, instructing the Dan that the proper defendant was Douglas County, Nebraska.  (*Id.*)

4.      The court ordered that, to obtain service of process on Defendant Douglas County, Dan must complete and return the form which the Clerk of the court would provide.  (*Id.*)

5.      The Clerk of the court issued one summons form to Dan.  (*Id.*)

6.      Dan was further instructed by the court that "Douglas County may be served at the office of the Douglas County Clerk, 1819 Farnam Street, H08, Omaha, NE 68183."  (*Id.*)

7.      Dan was granted until March 16, 200[7] to return the completed forms for service and that a failure to do so could result in dismissal without further notice. (*Id.*)

8.      On August 28, 2007, this matter was dismissed on the court's own motion for failure to return the summons to the Clerk of the court for service on Douglas County.  (Filing Nos. 25 and 26.)

9.      A Memorandum and Order vacating that Judgment was entered on September 10, 2007.  Dan was again ordered to return the completed summons form for service on Douglas County no later than November 10, 2007.  One summons form was issued.  (Filing No. 28.)

10.     Dan completed the summons for service on:  Douglas County Department of Corrections at 710 South 17th Street, Omaha, NE 68102.  (Filing No. 32.)

11.     Dan has never submitted a summons form for Douglas County or directed to the chief executive or clerk of Douglas County.  (Docket Sheet.)

3

12.     On December 17, 2007, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) claiming the court lacked jurisdiction over the Defendant and that the Dan and failed to state a claim upon which relief may be granted.  (Filing No. 39.)

13.     The court declined to rule on the jurisdictional question but permitted Defendant the opportunity to reassert its claims pursuant to Federal Rule of Civil Procedure 56.  (Filing No. 42.)

### III.   ANALYSIS

#### A.   Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c).  *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994).  It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion.  *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)).  "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.*  Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## B.     Personal Jurisdiction

Defendant argues that the court lacks personal jurisdiction over DCDC because service was never properly completed on Douglas County. (Filing No. 81 at CM/ECF pp. 18-26.)  The court agrees.  "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). . . . Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citations and quotations omitted). In addition, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Federal Rule of Civil Procedure 4(j) requires that service on "a municipal corporation, or any other state-created governmental organization . . . must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Moreover, the State of Nebraska requires that a county "be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." Neb. Rev. Stat. § 25-510.02 (2007).

Here, Dan has named one Defendant, the DCDC.  However, an agency of a political subdivision cannot be sued because "it has no separate legal status under Nebraska law." *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 707 (D. Neb. 2004).  As set forth in *Meyer*:

> Although one might argue that police departments are "units of local government" subject to suit and service of process as political subdivisions, it is clear that the Nebraska Legislature defined "political subdivisions" as those units of local government having "governing bodies" with the power and authority to appropriate funds and to make expenditures.  One can also draw a strong inference from subsection (3) of § 13-903 that an "agency of the subdivision" is not itself the "political subdivision" subject to suit and service of process.  Because this Court has no basis to infer that [the Lincoln Police Department] has any elected or appointed governing body with the authority to make appropriations and expenditures, other than the City Council of the City of Lincoln, and because it is clear that [the Lincoln Police Department] is an agency of a political subdivision, i.e., the City of Lincoln, the Court concludes that it has no separate legal status under Nebraska law.

*Id.*

As in *Meyer*, the court here has no basis to infer that the DCDC has any elected or appointed governing body with the authority to make appropriations and expenditures apart from Douglas County, Nebraska.  Thus, Dan's claims must be brought against Douglas County, Nebraska rather than the DCDC.  Further, in order to properly serve Douglas County, Nebraska in this matter, Dan was required to serve summons and a copy of the Complaint on either the chief executive officer or the clerk of Douglas County.

The court previously informed Dan of these requirements.  In its February 5, 2007 Order on Initial Review, the court stated:

> The plaintiff has named Douglas County Department of Corrections as the only defendant.  However, the Department of Corrections and other units within the DCCC and Douglas County lack the legal capacity to sue or be sued in their own names.  Construing the complaint liberally, the defendant is Douglas County, which oversees the DCCC and is responsible for its operations and policies.

(Filing No. 7 at CM/ECF p. 2.)  The court also specifically instructed Dan regarding completion of the summons form:

> Neb. Rev. Stat. § 25-510.02(2) states:  "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk."  Douglas County may be served at the office of the Douglas County Clerk, 1819 Farnam Street, H08, Omaha, NE 68183.

(*Id.*)  Dan failed to return the summons form and the court dismissed the Complaint for failure to complete service.  (Filing Nos. 25 and 26.)  However, the court later reinstated this matter to the active docket and permitted service.  Despite the court's specific instructions, Dan served "Douglas County Department of Corrections, 710 South 17th Street, Omaha, NE 68102," which is the address for the Douglas County Correctional Center.  (Filing No. 34.)

This matter has been pending for more than two years.  Dan has not named a Defendant with any legal status or with a capacity to be sued.  Further, the court liberally construed the Complaint and *specifically instructed* Dan on the proper procedure for completion of service of process.  Dan had two opportunities to properly serve Douglas County, Nebraska and has failed to do so.  Defendant is therefore entitled to summary judgment.  Because the court finds that it lacks personal jurisdiction over Defendant, it need not reach Defendant's other arguments.

IT IS THEREFORE ORDERED that:

1.     Defendant's Motion for Summary Judgment (filing no. 80) is granted and Dan's claims are dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

3. All other pending Motions are denied as moot.

February 25, 2009.       BY THE COURT:

             *s/Richard G. Kopf*
             United States District Judge